UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-10111-RGK | Date | March 24, 2025 |
|---|---|---|---|
| Title | *In re Debtor: Jinzheng Group, LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Appellant: | | Attorneys Present for Appellee: |
| Not Present | | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order Re: Bankruptcy Appeal**

## I.   INTRODUCTION

On August 24, 2021, Jinzheng Group, LLC ("Debtor") filed a petition for Chapter 11 bankruptcy in the United States Bankruptcy Court, Central District of California, Los Angeles. On August 22, 2023, Debtor filed a Complaint against The Code Solution ("TCS"), asserting claims for preferential transfers, avoidance of transfers, and unjust enrichment. TCS did not timely answer the Complaint, so on October 18, 2023, the Bankruptcy Court entered default against it. On February 23, 2024, TCS filed a Motion to Set Aside Default. However, the Bankruptcy Court denied the Motion. TCS filed two additional Motions to Set Aside Default which were also denied.

On November 22, 2024, TCS filed an unopposed Notice of Appeal with this Court, seeking review of the Bankruptcy Court's Orders denying its Motions. (ECF No. 1.) TCS's appeal is presently unopposed, as Debtor's counsel withdrew shortly after this appeal was filed and was never replaced, despite a Court Order to secure new counsel. (ECF No. 23.) For the following reasons, the Court **REVERSES** the Bankruptcy Court's Orders denying TCS's Motions to Set Aside Default and **REMANDS** the matter to the Bankruptcy Court to set aside TCS's default and conduct further proceedings.

## II.   JURISDICTION

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a), as TCS appeals the Bankruptcy Court's Order denying its Motion to Set Aside Default and subsequent Motions for Reconsideration, which constitute final, appealable orders.

## III.   FACTUAL BACKGROUND

The following facts are based on the record on appeal:

UNITED STATES DISTRICT COURT / JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-10111-RGK | Date | March 24, 2025 |
|---|---|---|---|
| Title | *In re Debtor: Jinzheng Group, LLC* | | |

    On February 3, 2022, after Debtor filed for bankruptcy, Betula Lenta, Inc. ("Betula"), an affiliate of TCS, asserted a claim against Debtor for money owed under a contract. On February 7, 2022, Debtor filed a complaint against Betula and other, related defendants for various claims arising out of that same contract. Betula and other defendants were represented by the same attorney, David Browne. In the course of his representation, however, Browne's performance was less than stellar. He routinely failed to respond to discovery, forcing Debtor to file multiple motions to compel, including one that resulted in monetary sanctions. He also made numerous late filings and failed to attend hearings.

    On August 22, 2023, Debtor filed two more complaints. The first was against Betula, this time asserting claims for avoidance of transfers, unjust enrichment, and disallowance of claim. The second was against TCS for preferential transfers, avoidance of transfers, and unjust enrichment. Perhaps because of Browne's familiarity with the case, TCS chose to hire Browne to defend itself.

    Unsurprisingly, Browne did not file a timely answer for either Betula or TCS. On October 17, 2023, Debtor filed a Request for Entry of Default against them. On October 18, 2023, the Bankruptcy Court entered default. Two days later, on October 20, 2023, Browne filed an answer on behalf of Betula, but not on behalf of TCS. Instead, Browne waited until December 25, 2023 to file TCS's Motion to Set Aside Default. Browne explained that he initially believed that he had already filed TCS's answer but was mistaken. Unfortunately, he happened to be traveling when he learned of his mistake, so he attempted to retrieve a copy of the answer remotely but was apparently unable to do so. He then realized that default had already been entered and decided not to attempt to file the answer, instead choosing to file a Motion to Set Aside Default. However, Browne noticed the Motion for the incorrect hearing date and location, so the Motion was never heard or ruled on, which led Browne to refile the Motion on February 23, 2024.

    On March 20, 2024, the Bankruptcy Court held a hearing on the Motion. Applying the Rule 55(c) and Rule 60(b) standards, the Bankruptcy Court considered whether TCS had meritorious defenses, engaged in culpable conduct, and whether setting aside default would prejudice Debtor. The Bankruptcy Court acknowledged that TCS had meritorious defenses. However, it found that Browne's explanation for failing to timely file TCS's answer was "unpersuasive," particularly because Browne could not explain how he was able to file Betula's answer but not TCS's, or why he waited two months to file TCS's Motion to Set Aside Default. (Ex. 21 at 538, ECF No. 20-2.) And given Browne's history of missed filings and deadlines in representing Betula and other defendants in the prior adversarial proceedings, the Bankruptcy Court concluded that Browne's failure to answer and unseasonably late request for relief were part of a pattern of bad faith litigation tactics that may be imputed to his client, TCS. And because TCS, through Browne, had engaged in "gamesmanship" in this manner, the Bankruptcy Court further found that setting aside default would lead to more gamesmanship, thereby prejudicing Debtor. (*Id.* at 550.) Thus, on March 29, 2024, the Bankruptcy Court denied the Motion.

UNITED STATES DISTRICT COURT  JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-10111-RGK | Date | March 24, 2025 |
|---|---|---|---|
| Title | *In re Debtor: Jinzheng Group, LLC* | | |

On April 7, 2024, TCS, through new counsel Matthew Harrison, filed another a Motion to Set Aside Default. TCS argued that the Bankruptcy Court's imputation of Browne's conduct was improper because Browne engaged in the conduct alone, against his clients' wishes. Specifically, TCS offered evidence that TCS, Betula, and the other defendants that Browne represented had worked with Browne to prepare timely filings, discovery responses, and discovery productions, but Browne simply failed to file them. The Bankruptcy Court, still unpersuaded, denied the Motion. On May 17, 2024, TCS filed yet another Motion to Set Aside Default, this time arguing that Debtor's complaint against TCS violated the claim-splitting doctrine, as the claims against TCS arose out of the same nucleus of fact as Debtor's 2022 claims against Betula and other defendants. However, the Bankruptcy Court denied this Motion as well.

### IV. STANDARD OF REVIEW

In adversarial bankruptcy proceedings, bankruptcy courts may enter or set aside default according to Federal Rule of Civil Procedure ("Rule") 55. Fed. R. Bankr. P. 7055. Under Rule 55(c), courts may set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c). In evaluating whether a party has demonstrated good cause, the court considers: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside the default would prejudice the plaintiff. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). Policy dictates that defaults are "a drastic step appropriate only in extreme circumstances," and "a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

A bankruptcy court's decision to grant or deny relief from a default is reviewed for abuse of discretion. *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1110–12 (9th Cir. 2011). Determining whether the bankruptcy court abused its discretion requires a two-part analysis. First, the reviewing court must "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (*en banc*). If the bankruptcy court correctly identified the applicable legal rule, the reviewing court then analyzes whether the bankruptcy court's factual findings were clearly erroneous; put another way, whether the "application of the correct legal standard [to the facts] was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id.* (internal quotations omitted). The bankruptcy court therefore abuses its discretion if it: (1) uses the incorrect legal rule; or (2) applies the correct legal rule to the facts in a clearly erroneous manner.

However, "[d]ue to the policy of favoring judgments on the merits, a glaring abuse of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

UNITED STATES DISTRICT COURT     JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-10111-RGK | Date | March 24, 2025 |
| Title | *In re Debtor: Jinzheng Group, LLC* | | |

## V. DISCUSSION

TCS seeks a reversal of the Bankruptcy Court's Orders denying TCS's Motions to Set Aside Default. Specifically, TCS argues that the Bankruptcy Court abused its discretion in failing to find good cause by: (1) erroneously finding that TCS committed culpable conduct; and (2) erroneously finding that Debtor would be prejudiced.[1] Alternatively, TCS argues that the Bankruptcy Court erred in rejecting TCS's claim-splitting arguments, and that the claim-splitting doctrine warrants dismissal.

As a threshold matter, the Court notes that Debtor has not opposed TCS's appeal. An appellee's failure to appear does not compel the court to grant the appeal. *In re Cossio*, 163 B.R. 150, 154 (9th Cir. B.A.P. 1994) (citing *A. Marcus, Inc. v. Farrow*, 94 B.R. 513 (N.D. Ill. 1989)). Instead, the court considers the merits in the appellee's absence, granting the appeal only if the appellant meets his burden. *See id.* Accordingly, the Court first considers TCS's good cause arguments.

### A. Culpable Conduct

A defendant's conduct is culpable if his default was the result of "a devious, deliberate, willful, or bad faith failure to respond." *TCI Grp. Life Ins. Plan*, 244 F.3d at 698.

Here, the Bankruptcy Court found that TCS's default was the result of culpable, bad faith conduct by its attorney, Browne. TCS argues that this finding was erroneous, because Browne's conduct was not in bad faith, and even if it were in bad faith, it cannot be imputed to TCS. The Court agrees on the second point, that Browne's conduct cannot be imputed to TCS.

"Because the client is presumed to have voluntarily chosen the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for negligent acts or omissions of his counsel." *Comm. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). However, this principle applies only to ordinary negligence. When a lawyer engages in "neglect so gross that it is inexcusable" without the client's knowledge, "sanctions should be imposed on the lawyer, rather than on the faultless client." *Id.* at 1169.

Assuming, as the Bankruptcy Court found, that Browne's conduct was in bad faith, it would appear that his conduct rises to the level of gross negligence. Indeed, Debtor recognized as much, as it argued in opposition to TCS's Motions that Browne's behavior "reflects either gross negligence or a deliberate disregard for legal obligations." (Ex. 24 at 822, ECF No. 20-2.) To impute that gross negligence to TCS, the Bankruptcy Court needed to find that TCS knew about the gross negligence. *See Comm. Dental Servs.*, 282 F.3d at 1168. The Bankruptcy Court made no such finding, however. At most, the Bankruptcy Court suggested that TCS might have known because of its affiliation with Betula,

---

[1] TCS alternatively argues that the Bankruptcy Court erred in rejecting an argument under the claim-splitting doctrine. The Court need not address this argument, however, for the reasons discussed herein.

UNITED STATES DISTRICT COURT     JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-10111-RGK | Date | March 24, 2025 |
|---|---|---|---|
| Title | *In re Debtor: Jinzheng Group, LLC* | | |

which had also been represented by Browne. However, it does not appear that this mere affiliation, without more, would justify imputation. At best, the affiliation shows that TCS might have known, or should have known, that Browne would engage in gross negligence. The Court is not convinced that this questionable knowledge is sufficient, however, particularly given the policy in favor of deciding cases on the merits, and the relaxed standard of review for entries of default in bankruptcy appeals. *See Falk*, 739 F.2d at 463; *Mesle*, 615 F.3d at 1091. Thus, the Bankruptcy Court erred in finding that TCS had engaged in culpable conduct.

    **B.**     **Prejudice to Debtor**

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp. Life Ins.*, 244 F.3d at 701. Rather, there must be "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996).

Here, the Bankruptcy Court found that Debtor would be prejudiced because setting aside default would allow TCS continue engaging in "gamesmanship." TCS argues that this finding was erroneous. The Court agrees.

As noted above, to the extent that any culpable, bad faith conduct or gamesmanship took place, it appears that Browne was solely responsible. And after the first Motion to Set Aside was denied, TCS retained new counsel. There is no indication that TCS would engage in gamesmanship through its new counsel. Thus, the Bankruptcy Court erred in finding that Debtor would be prejudiced.

Having found that the Bankruptcy Court's grounds for finding no good cause—namely, TCS's culpability and Debtor's prejudice—were erroneous, the Court finds that the Bankruptcy Court's ultimate denial of TCS's Motions to Set Aside were an abuse of discretion, warranting reversal and remand. The Court therefore need not address TCS's alternative arguments regarding claim-splitting. Accordingly, the Court **REVERSES** the Bankruptcy Court's Orders denying TCS's Motions and **REMANDS** the matter to the Bankruptcy Court to set aside TCS's default and conduct further proceedings.

UNITED STATES DISTRICT COURT                                JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-10111-RGK | Date | March 24, 2025 |
|---|---|---|---|
| Title | *In re Debtor: Jinzheng Group, LLC* | | |

**VI.   CONCLUSION**

For the foregoing reasons, the Court **REVERSES** the Bankruptcy Court's Orders denying TCS's Motions to Set Aside Default and **REMANDS** the matter to the Bankruptcy Court to set aside TCS's default and conduct further proceedings.

**IT IS SO ORDERED.**

|                           | :        |
|---------------------------|----------|
| Initials of Preparer      | JRE/sf   |

CC: BAP

USBC-Central, 2:21-bk-16674
USBC-Central, 2:23-ap-01391SK
USBC-Central, BAP 24-01127